**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL R. SWIADER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.** |
| **vs.** | ) | |
| | ) | |
| **PERFORMANCE FOOD GROUP,** | ) | **JURY TRIAL** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**
**AS AND FOR THE FIRST CAUSE OF ACTION**
**AGE DISCRIMINATION IN VIOLATION TO THE ADEA**

NOW COMES the Plaintiff, MICHAEL R. SWIADER, ("Plaintiff"), by and through his attorney, GARY D. ABRAMS & ASSOCIATES, LTD.,and in complaining of the Defendant, PERFORMANCE FOOD GROUP, ("Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

2. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, (29 U.S.C. § 626 (b) and Venue by 28 U.S.C. § 1331.

3. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**PARTIES**

4.  Plaintiff is an adult person and a resident of Cook County, State of Illinois.

5.  At all times relevant, the Defendant was a body politic and government entity, and has continuously had over 500 employees.

**STATEMENT OF FACTS**

6.  Plaintiff was employed as a sales representative for the Defendant beginning January 7, 2008, and was terminated by the Defendant on September 25, 2008.

7.  Plaintiff was born on July 09, 1955, and falls within the group protected by the ADEA.

8.  At all times material herein and hereinafter mentioned Defendant has engaged in and employed its employees in commerce and in the production of goods for commerce between points in several states. The Defendant was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

9.  Defendant Corporation is an employer within the meaning of the ADEA.

10. On or about May 09 of 2008 and continuously thereafter, while Plaintiff was meeting the minimum standards of his employer, the defendant willfully discriminated against Plaintiff by demanding that he deliver 800 lbs of meat to a customer, following a back injury wherein his doctor gave him a 15 lb lifting restriction. When Plaintiff complained, Defendant told him they would hire somebody younger to do the job. Thereafter, Plaintiff was disciplined and written up by Defendant and placed on a performance improvement plan, and given demands for performance well beyond comparable younger employees.

10.  Plaintiff reached 53 years of age before September 25, 2008 .

11.  Plaintiff had been subjected to unequal treatment by agents of the Defendant and was intentionally discriminated against because of his age.

12. By engaging in discriminatory conduct, Defendant discriminated against Plaintiff in violation of 42 U.S.C. 2000(e) as amended.

13. The discriminatory action of Defendant as set forth above has caused Plaintiff to suffer  loss of earnings, and as a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered in his position, his work environment became impaired and his work performance became impaired. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by inter alia the Civil Rights Act of 1991. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

14.  Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

15.   As a result of Defendant's actions, the Plaintiff has been deprived of his wages and employment promotions and opportunities.

16.  The Defendant's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

## PROCEDURAL FACTS

17.  Plaintiff protested Defendant's unlawful actions and on November 20, 2008, filed

3

charges of the discrimination herein alleged with the Illinois department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC). A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. Efforts by that agency to obtain voluntary compliance by the Defendant with the Age Discrimination in Employment Act have been unsuccessful thereby causing the EEOC to issue a Notice of Right to Sue letter. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

18. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## (DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

### NATURE OF ACTION

19. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of disability (handicap) and to make whole

4

MICHAEL R. SWIADER (" Plaintiff"). Defendant, PERFORMANCE FOOD GROUP ("Defendant") discriminated against Plaintiff, a qualified individual with a handicap, because of his disability

## JURISDICTION AND VENUE

20.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(A) .

21.     Plaintiff realleges each and every allegation from Count I set forth hereinabove (numbers 1-18), and makes them a part hereof, with the same force and effect as if more fully set forth herein.

22.   The employment practices hereafter alleged to be unlawful were and are now being committed by the Defendant in the Northern District of Illinois, Eastern Division, and the Defendant is an employer as that term is defined under the Americans with Disabilities Act and the Illinois Human Rights Act, at all times material to the allegations herein.

23. Plaintiff has a permanent disability (handicap) of having spinal injury/damage resulting in a permanent neurological disorder; in that he has a record of, or is regarded as having a physical impairment that substantially limits one or more of her major life activities but said disability is not related to his ability to perform the essential functions of his assigned duties with Defendant..

## STATEMENT OF CLAIMS

**24**. Despite Defendant listing itself as an equal employment company and having a policy against Discrimination to the Disabled, Defendant intentionally discriminated against Plaintiff by demanding that Plaintiff, a Salesman, open 4 new accounts in 23 days, or they would hire someone who could, implying that they would give his position, for which he was qualified, to a non-handicapped individual. This discrimination, because of his handicap or disability, violates his rights under both the Americans with Disabilities Act and the Illinois Human Rights Act.

25. Defendant's acts and omissions to act violate applicable provisions of the Americans with Disabilities Act and the Illinois Human Rights Act.

26. The discriminatory action of Defendant as set forth above has caused Plaintiff to suffer loss of earnings, and as a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered in his position, his work environment became impaired and his work performance was impaired. As a further proximate result of Plaintiff's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

27. Plaintiff protested his unlawful treatment and on November 20, 2008 filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) at Chicago, Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. Efforts by that Agency to obtain voluntary

compliance by the Defendant with the Americans with Disabilities Act have been unsuccessful thereby causing the EEOC to issue a Right to Sue letter. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit :B" and incorporated herein.

28.   This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Reinstatement or, alternatively, front pay;

2. For damages, including loss of pay and benefits to make Plaintiff whole;

3. For liquidated damages due to Defendant's willful conduct;

4. For compensatory damages in an amount according to proof;

5.   For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

6.. For such other and further relief as the court deems proper.

7. The Plaintiff requests a jury trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## (RETALIATION)

29.  Plaintiff  realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. Defendant did intentionally retaliate against Plaintiff, based upon his requests for accommodations, and after returning to work with doctor's restrictions, and having filed a worker's compensation claim with the State of Illinois Worker's Compensation Commission, wherein based upon his persistence to acquire accommodations and his filing of a worker's compensation claim, Defendant's agents created a hostile and offensive work environment, made unreasonable and unequal demands on plaintiff, all in violation of Title VII of the Civil Rights Act of 1964, as amended by, inter alia the Civil Rights Act of 1991, 42 U.S.C. Section 2000-e et seq.

31. By reason of the retaliation of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental stress, all to his damage.

32. Further, said action on the part of Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgement as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights.

2. Reinstatement or, alternatively, front pay and damages including loss of future pay and benefits.

3. Compensatory damages in an amount according to proof;

4. Punitive damages based upon the wrongful and willful conduct of Defendant.

8

5. For costs of suit, including attorney's fees and expert fees,,pursuant to 42

   U.S.C.A. Section 12117(a), which incorporates the remedies set forth in Title VII

   of the Civil Rights Act of 1964, and Title 42 U.S.C.A. Section 2000e-5(k); and

6. For such other and further relief as the Court deems proper.


MICHAEL R. SWIADER


BY: **/s/ Gary D. Abrams**

Gary D. Abrams, Attorney




Gary D. Abrams #0005010IL
Gary D. Abrams and Associates, Ltd.
55 W. Monroe Street, Suite 1200
Chicago, Il  60603
(3120 263-4085




Dated:_____